IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-1879 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| PATTON TOWNSHIP POLICE DEPARTMENT, SGT. MATTHEW SHUPENKO, CHIEF JOHN PETRICK | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-1880 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| PENN STATE UNIVERSITY POLICE DEPARTMENT, and OFFICER MATTHEW MASSARO, | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

1

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-1881 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CENTRE COUNTY DISTRICT ATTORNEYS OFFICE | : | |
| | : | |
| | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-1882 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| STATE COLLEGE BOROUGH POLICE DEPARTMENT, OFFICER BRIAN FOSTER and OFFICER MICHAEL S. MAMOLEN | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-1883 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| FERGUSON TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| and OFFICER DEVON MICHAEL | : | |
| MORAN, | : | |
| | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-2061 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CENTRE COUNTY | : | |
| COURTHOUSE DISTRICT | : | |
| ATTORNEYS OFFICE and | : | |
| CENTRE COUNTY | : | |
| COURTHOUSE | : | |
| | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

_____

| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:12-CV-2063 |
|---|---|---|
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| CENTRE COUNTY CORRECTIONAL FACILITY, JEFFREY T. HITE, MICHAEL WOODS, LT. JEANNA ANANEA CAPT. JOHN PERRYMAN, and LT. M GORDON, | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

_____

| ISAAC KENNETH FULLMAN, | : | Civil Action No. 4:13-CV-0235 |
|---|---|---|
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| CENTRE COUNTY COURTHOUSE, CENTRE COUNTY DISTRICT ATTORNEY'S OFFICE, SEAN P. MCGRAW, CENTRE COUNTY CORRECTIONAL FACILITY, WARDEN JEFFREY T. HITE, and CAPTAIN JOHN PERRYMAN, | : | |
| | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM

March 14, 2013

**BACKGROUND:**

As an initial matter, plaintiff Isaac Kenneth Fullman, proceeding *pro se*, has eight separate actions[1] pending before the undersigned. The court is addressing all eight actions in one memorandum and order for three reasons: First, Fullman himself refers to multiple cases in his filings with the court; second, all eight have overlapping and repetitive alleged facts and defendants; and third, because the court will dismiss seven of the actions so that Fullman may file one all-inclusive amended complaint that consolidates all of his claims into one action.

<u>Civil Action No. 4:12-CV-1879:</u>

On September 20, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally[2], Fullman's complaint alleges that a racially motivated police stop on April 23, 2010, resulted in him being found guilty of a driving under the influence

---

[1] Additionally, Fullman had two prior actions in the Middle District of Pennsylvania 3:12-CV-1876 and 4:12-CV-2233 that were dismissed on the merits.

[2] *Pro Se* complaints in particular should be construed liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

(hereinafter "DUI") charge in the Court of Common Pleas of Centre County, Pennsylvania; the jury for his DUI trial held on December 14, 2010, was not impartial because the jurors were all Caucasian and Fullman is African-American; his counsel for the DUI trial, Edward Blanarick, Esquire, was ineffective because he refused to argue that the jury was impartial; and Fullman also refers generally to *Eighth* and *Fourteenth Amendment* violations. The named defendants are the Patton Township Police Department, Sgt. Matthew Shupenko and Chief John Petrick.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On September 21, 2012, the magistrate judge filed a twelve-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. Objections to the report and recommendation were filed by Fullman on November 16, 2012. (Doc. No. 13). Fullman also filed a Motion to Appoint Counsel on December 12, 2012. (Doc. No. 14).

Civil Action No. 4:12-CV-1880:

On September 20, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges a racially motivated police stop on December 12,

2008, resulted in him being found guilty of a driving under the influence (hereinafter "DUI") charge in the Court of Common Pleas of Centre County, Pennsylvania and Fullman also refers generally to *Eighth* and *Fourteenth Amendment* violations. The named defendants are the Pennsylvania State University Police Department and Officer Matthew Massaro.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On September 21, 2012, the magistrate judge filed a twelve-page report and recommendation (Doc. No. 4), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. Objections to the report and recommendation were filed by Fullman on October 15, 2012. (Doc. No. 9). Fullman also filed a Motion for Extension of Time/Motion to Appoint Counsel on December 12, 2012. (Doc. No. 13).

<u>Civil Action No. 4:12-CV-1881:</u>

On September 20, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges a racially motivated police stop by Officer Brian Foster on July 31, 2010, resulted in him being found guilty of a DUI charge in the Court of Common Pleas of Centre County, Pennsylvania; the jury for his DUI trial held on December 14, 2010, was not impartial because the jurors were all

Caucasian and Fullman is African-American; his counsel for the DUI trial, Edward Blanarick, Esquire, was ineffective because he refused to argue that the jury was impartial; Officer Michael S. Mamolen charged him with a harassment misdemeanor 3 because Fullman is African American; Fullman also alleges *Eighth* and *Fourteenth Amendment* violations for racial discrimination; and Fullman requests "the Disorderly Charge summary dismissed and expunged off my criminal record." The named defendant is the Centre County Courthouse District Attorney's Office.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On September 21, 2012, the magistrate judge filed a twelve-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. Objections to the report and recommendation were filed by Fullman on October 15, 2012. (Doc. Nos. 9 and 10). Fullman also filed a Motion for Extension of Time/Motion to Appoint Counsel on December 12, 2012. (Doc. No. 14).

Civil Action No. 4:12-CV-1882:

On September 20, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges a racially motivated police stop by Officer Brian

Foster on July 31, 2010, resulted in him being found guilty of a DUI charge in the Court of Common Pleas of Centre County, Pennsylvania; Fullman asks for his citations to be dismissed because of the alleged racial profiling; Officer Michael S. Mamolen charged him with a harassment misdemeanor 3 because Fullman is African American; Fullman also alleges *Eighth* and *Fourteenth Amendment* violations for racial discrimination; and Fullman requests "the Disorderly Charge summary dismissed and expunged off my criminal record." The named defendants are the State College Borough Police Department, Officer Brian Foster and Officer Michael S. Mamolen.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On September 21, 2012, the magistrate judge filed a twelve-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. Objections to the report and recommendation were filed by Fullman on October 15 and 26, 2012. (Doc. Nos. 9 and 10). Letters requesting an extension of Time and to reconsider the denial of appointment of counsel were filed by Fullman on November 16, 2012 and December 10, 2012. (Doc. Nos.12 and 13).

<u>Civil Action No. 4:12-CV-1883:</u>

On September 20, 2012, Fullman, proceeding *pro se*, filed a complaint

pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges a racially motivated police stop by Officer Brian Foster on July 31, 2010, resulted in him being found guilty of a DUI charge in the Court of Common Pleas of Centre County, Pennsylvania; he also alleges *Eighth* and *Fourteenth Amendment* violations for racial discrimination. The named defendants are the Ferguson Township Police Department and Officer Devon Michael Moran.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On September 27, 2012, the magistrate judge filed a ten-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. What can be construed as objections to the report and recommendation were filed by Fullman on October 15, 2012. (Doc. Nos. 8 and 9). Fullman also filed a Motion for Extension of Time on December 10, 2012. (Doc. No. 13).

Civil Action No. 4:12-CV-2061:

On October 15, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983[3]. (Doc. No. 1). Construing the complaint liberally,

---

[3]On the standard form civil complaint provided by the Middle District of Pennsylvania, titled "Form to Be Used by a Prisoner in Filing a Civil Rights Complaint," Fullman wrote a checkmark for both a 42 U.S.C. § 1983 and 28

Fullman's complaint alleges he was incarcerated 13-days beyond his 90-day maximum release date; he also alleges *Eighth* and *Fourteenth Amendment* violations for racial discrimination; and he is requesting compensatory and punitive damages for his claims. The named defendants are the Centre County Courthouse District Attorney's Office and the Centre County Courthouse.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On October 16, 2012, the magistrate judge filed a twenty-one-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. Fullman did not file objections to the report and recommendation.

Civil Action No. 4:12-CV-2063:

On October 15, 2012, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983[4]. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges that he was incarcerated in the Centre County

---

U.S.C. § 1331 claim. As Fullman did not list a single federal actor in his complaint, the court is proceeding with the claim as solely a § 1983 claim.

[4]On the standard form civil complaint provided by the Middle District of Pennsylvania, titled "Form to Be Used by a Prisoner in Filing a Civil Rights Complaint," Fullman wrote a checkmark for both a 42 U.S.C. § 1983 and 28 U.S.C. § 1331 claim. As Fullman did not list a single federal actor in his complaint, the court is proceeding with the claim as solely a § 1983 claim.

Correctional Facility 12-days beyond his 90-day maximum sentence; he also alleges a litany of other offenses, specifically that "[a]nother day I would like to sue for is. . . I was. . . incarcerated for one whole day at the Philadelphia Police Department. . . the next day the Centre County Sheriffs. . . pick[ed] me up and transported me to the Centre County Correctional Facility. . . and did not acknowledge [the day in custody in Philadelphia] as time served;" he also alleges he was not paid for work in the Centre County Correctional Facility; he would like black tube socks that he claims the facility lost to be replaced; that the law library in the facility was deficient; that he had to wait seven-days for hygiene items while incarcerated; that his *Eighth Amendment* right against cruel and unusual punishment was violated because he was incarcerated past his maximum release date; and that his *Fourteenth Amendment* rights were violated because he did not have equal protection of the laws. The named defendants are the Centre County Correctional Facility, Jeffrey T. Hite, Michael Woods, Jeanna Ananea, John Perryman and M. Gordon.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On October 18, 2012, the magistrate judge filed a twenty-eight-page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint.

Fullman did not file objections to the report and recommendation.

Civil Action No. 4:13-CV-0235:

On January 31, 2013, Fullman, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Construing the complaint liberally, Fullman's complaint alleges that he was incarcerated in the Centre County Correctional Facility beyond his 90-day maximum sentence; that his *Eighth Amendment* right against cruel and unusual punishment was violated because he was incarcerated past his maximum release date; that his *Fourteenth Amendment* rights were violated because he did not have equal protection of the laws; and he requests injunctive relief along with compensatory and punitive damages. The named defendants are the Centre County Correctional Facility, Jeffrey T. Hite, Michael Woods, Jeanna Ananea, John Perryman and M. Gordon.

The matter was initially referred to United States Magistrate Judge Martin C. Carlson. On February 5, 2013, the magistrate judge filed a twenty-five page report and recommendation (Doc. No. 5), recommending that Fullman's complaint be dismissed without prejudice in order for Fullman to file an amended complaint. On February 19, 2013, Fullman filed objections to the report and recommendation.

**DISCUSSION:**

**Substantive Claims:**

Magistrate Judge Carlson conducted a thorough analysis of all eight civil actions. Consequently, this Court will not rehash the sound reasoning of the Magistrate Judge and will instead adopt all eight report and recommendations in their entirety, with one procedural exception.

All eight cases have overlapping and repetitive claims and defendants, as referenced above. For the sake of clarity, the undersigned will dismiss seven of the eight actions so as to consolidate all of Fullman's actions into one case. Fullman will be permitted to file <u>one, all-inclusive complaint in Civil Action No. 4:12-CV-1879, only.</u>

Fullman's amended complaint must comply with the terms of this order, and the report and recommendations of Magistrate Judge Carlson, otherwise, it will be dismissed with prejudice. Specifically, Fullman must grasp and take into consideration that:

First, he cannot bring a civil rights action for false arrest based on presently valid criminal convictions and sentences. To challenge a state conviction, Fullman would have to bring a direct appeal through the state, and, once exhausted, a petition through Pennsylvania's Post Conviction Relief Act (PCRA).

Second, he cannot sue a prosecutor for the fact that he was prosecuted. He can only sue a prosecutor for actions outside of the role of a prosecutor. Actions

"fairly within the prosecutor's function as an advocate" are entitled to protection. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 226 (1993) (internal citations omitted). "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. *Id.* "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State are entitled to the protections of absolute immunity." *Id.*

Third, he cannot obtain an injunction for being held past his maximum release date, as he is no longer being held. Article III of the Constitution limits federal courts to the adjudication of "cases" or "controversies." *Am. Bird Conservancy v. Kempthorne*, 559 F. 3d 184, 188 (3d Cir. 2009). "If one or more issues involved in an action become moot. . . the adjudication of the moot issue or issues should be refused." *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985). "[T]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Jersey Cent. Power & Light Co. v. New Jersey*, 772 F.2d 35, 39 (3d Cir. 1985). As Fullman suffers no continuing injury, an injunction would offer no meaningful relief.

15

Fourth, Fullman cannot sue a courthouse, a correctional facility or the entire district attorney's office. For further explanation, see the report and recommendation of the Magistrate Judge. (Doc. No. 5 in Civil Action No. 4:12-CV-2061).

Fifth, to establish a supervisory liability claim, Fullman would have to set forth specific allegations of involvement. For further explanation, see the report and recommendation of the Magistrate Judge. (Doc. No. 5 in Civil Action No. 4:12-CV-2063).

Sixth, currently, as written, Fullman's access to the courts claim fails to state a claim upon which relief can be granted. For further explanation, see the report and recommendation of the magistrate judge. (Doc. No. 5 in Civil Action No. 4:12-CV-2063).

Seventh, currently, as written, Fullman's deprivation of property claim fails to state a claim upon which relief can be granted. For further explanation, see the report and recommendation of the Magistrate Judge. (Doc. No. 5 in Civil Action No. 4:12-CV-2063).

Eighth, currently, as written, Fullman's conditions of confinement claim fails to state a claim upon which relief can be granted. For further explanation, see the report and recommendation of the Magistrate Judge. (Doc. No. 5 in Civil

Action No. 4:12-CV-2063).

Fullman's complaints are deficient as currently stated. Thus, the undersigned will give him three weeks to file <u>one, all-inclusive</u> amended complaint in Civil Docket No. 4:12-CV-1879 to bring all of his claims in one amended complaint. Fullman is directed to comply with the terms of this order and the report and recommendations of the Magistrate Judge in writing his amended complaint. Failure to do so with result in the complaint being dismissed with prejudice.

**Motions for appointment of counsel:**

As to Fullman's objections to the denial of appointment of counsel and his Motion to Appoint Counsel[5] (Doc. Nos. 14, 13, 14, and 13 respectively) in Civil Action No. 4:12-CV-1879, Civil Action No. 4:12-CV-1880, Civil Action No. 4:12-CV-1881 and Civil Action No. 4:12-CV-1883), the undersigned also denies appointing counsel.

The court has authority "to <u>request</u> an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In *Tabron v.*

---

[5]Also sometimes titled a Motion for Extension of Time/Motion to Appoint Counsel. As the motion to extend time requests time to amend his complaint, and the undersigned is ordering an amended complaint, the court will deal with these as Motions to Appoint Counsel only.

*Grace*, the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). Following *Tabron*, the first consideration by a district court should be whether the petitioner's claim has "some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 157).

Only after determining that the claim has some merit should the court consider these six additional factors: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such an investigation; 4) the amount the case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n. 5).

As a threshold matter, I consider the merit of plaintiff's claims. *Tabron*, 6 F.3d at 155. Although it is too early to fully assess if the plaintiff's claim has merit, the court will provide plaintiff an opportunity to amend his complaint, so that, arguably, his complaint may have merit.

Utilizing the six factors laid out in *Parham*, I find that only one of the six factors favors seeking counsel. The other five factors against seeking counsel outweigh the one in favor.

This Court commences its analysis of the matter at hand by considering the only *Parham* factor that conceivably favors the Court ultimately seeking counsel to represent Fullman. At the present, the plaintiff is proceeding *in forma pauperis* and represents that he cannot afford counsel. The circumstances of this case may change. In the event that they do, the Court has the discretion to appoint counsel, provided, however, that an attorney is prepared to represent the plaintiff.

The other five factors articulated by *Parham* clearly outweigh the need to seek counsel. Fullman has shown his ability to present his case thus far, as the instant action survived summary dismissal. The legal issues are not particularly complex, nor is there a need for intense factual investigation. As the Magistrate Judge pointed out, Fullman's filings show he knows the basis of his claim. If this case turns on credibility determinations and may require expert testimony, we find that this type of claim may require an expert and a jury may need to determine credibility of the witnesses. However, as trial is still remote in time, we do not believe counsel is necessary at this stage in the proceedings. In the event the circumstances of this case change, the court will consider and evaluate a new

19

application for counsel at such time.

**CONCLUSION:**

Counsel will not be appointed for Fullman. Inasmuch as any of Fullman's motions, letters or objections request time to amend his complaint, this request will be granted.

As to Civil Docket No. 4:12-CV-1879, Fullman will be ordered to consolidate his claims and file one, all-inclusive amended complaint.

As to Civil Docket Nos. 4:12-CV-1880; 4:12-CV-1881; 4:12-CV-1882; 4:12-CV-1883; 4:12-CV-2061;4:12-CV-2063 and 4:13-CV-0235 these cases will be dismissed in their entirety without prejudice, so that Fullman can bring all his claims under Civil Docket No. 4:12-CV-1879.

Accordingly, the undersigned will adopt the report and recommendation of the magistrate judge in part, and deny it in part.

An appropriate Order will follow.

    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge